J. E. SWINDEL v. THE STATE.

No. 16592.   Delivered April 4, 1934.

The opinion states the case.

*Wyatt J. Baldwin,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

The prosecuting witness, T. C. Newton, was transporting twenty-eight cases of beer in his automobile from Louisiana to Texas. Appellant and a companion drove up behind him, forced him to stop, and, exhibiting pistols, forced him to surrender his automobile and beer. Leaving Newton on the road, they drove away in his car. Appellant admitted that he was present and that he took possession of the automobile and beer. He testified, however, that he thought his companion was a prohibition enforcement officer, and that he acted with him in taking possession of the automobile under the belief that he had a right to arrest Newton for transporting intoxicating liquor.

Newton testified that he surrendered possession of the car and beer because he feared that he would be injured or killed. He testified positively that he did not surrender his property under the belief that he was under arrest. The only bill of exception found in the record relates to the refusal of the trial court to charge the jury to acquit appellant if they believed Newton surrendered possession of his car under the apprehension that he was being arrested. This charge was properly refused. In the case of McCormick v. State, 9 S. W., 277, a similar situation was presented. There the appellant took from the possession of the injured party a sum of money after telling him he was an officer of the law and advising him that he was under arrest. The injured party testified that he was alarmed and, through fear, permitted the appellant to take his money. The court was requested to instruct the jury that if the money was obtained by reason of the appellant personating an officer, and was surrendered by the injured party because of the fact that he believed the appellant was an officer, an acquittal should follow. The refusal of the charge was held not

to be error, the court saying that the proof showed that the money was surrendered because of fear on the part of the injured party. See also Williams v. State, 55 S. W., 500.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.